Filed 4/2/26  P. v. Jenkins CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SLEVEN LAMAR JENKINS,<br><br>Defendant and Appellant. | B346410<br><br>(Los Angeles County Super. Ct. No. BA248481) |

THE COURT:

In 2005, after being convicted of conspiracy to commit robbery (Pen. Code, §§ 182, subd. (a)(1), 211)[1] and receiving stolen property (§ 496, subd. (a)), defendant and appellant Sleven Lamar Jenkins (Jenkins) was sentenced to serve 31 years to life in prison.  The judgment was affirmed on direct appeal.  (*People v. Jenkins* (Feb. 8, 2007, B183874) [nonpub. opn.].)

In 2023, the case returned to the trial court for

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

resentencing review pursuant to section 1172.75 (former § 1171.1). In September 2024, Jenkins filed a motion for information and discovery under the California Racial Justice Act of 2020 (RJA; § 745), followed by a supplemental motion in October 2024.

On May 2, 2025, the trial court denied Jenkins's RJA motions, concluding that there was no plausible basis for relief or discovery. The court proceeded to resentence Jenkins pursuant to section 1172.75 and struck the one-year prior prison term enhancement (former § 667.5, subd. (b)). The court declined to strike a prior strike conviction within the meaning of the Three Strikes law or a five-year enhancement under section 667, subdivision (a)(1). The court explained that Jenkins's "ongoing conduct and the underlying conduct [are] extremely violent and serious." The court resentenced Jenkins to 30 years to life in prison.

Jenkins timely appealed. After reviewing the record, appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) raising no issues but requesting that we exercise our discretion to independently review the record. We notified Jenkins that, if he did not personally submit a supplemental brief, his appeal would be subject to dismissal. Jenkins filed a supplemental brief on February 11, 2026.

We decline appellate counsel's invitation to undertake an independent review of the record. We limit our review to arguments raised in Jenkins's supplemental brief. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to

evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Jenkins contends that the appellate record is incomplete and that the trial court erred in denying or not ruling on previous motions under the RJA. Jenkins does not explain why any purported omission in the record affects our review of the trial court's May 2, 2025, order. His arguments pertaining to earlier motions are also moot given the court's subsequent denial of the RJA motions filed in September and October 2024. Jenkins does not present any cogent argument directed at the May 2, 2025, order.

## DISPOSITION

The May 2, 2025 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

CHAVEZ, Acting P. J.     RICHARDSON, J.     GILBERT, J.*

---

\*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.